UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

DOUGLAS WILDER,
            *Plaintiff-Appellant,*

v.

TOYOTA MOTOR SALES, U.S.A.,
INCORPORATED,

            *Defendant-Appellee.*

No. 01-1104

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James P. Jones, District Judge.
(CA-00-10-1)

Argued: November 1, 2001

Decided: December 17, 2001

Before WILKINSON, Chief Judge, and WILKINS and
KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** Michael Allen Bragg, Abingdon, Virginia, for Appellant.
John Tracy Walker, IV, MCGUIRE WOODS, L.L.P., Richmond, Virginia, for Appellee. **ON BRIEF:** William H. Baxter, II, MCGUIRE
WOODS, L.L.P., Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Plaintiff Douglas Wilder filed this products liability suit against Defendant Toyota Motor Sales, U.S.A., Inc. ("Toyota"), alleging that the airbag system in his 1995 Toyota Tacoma pickup truck was defective. The district court granted summary judgment in favor of Toyota on the grounds that Wilder failed to establish the essential elements of his claim. Because we agree with the district court that Wilder failed to offer any evidence that a defect existed when the truck left Toyota's hands, we affirm.

I.

Plaintiff Douglas Wilder alleges he was involved in a motor vehicle accident on January 28, 1998, in which his 1995 Toyota Tacoma pickup truck was forced off the road. The truck went down a bank and then stopped when it crashed into some tree stumps. Wilder was wearing his seat belt and shoulder harness, and was not injured when the vehicle came to rest. However, when he began to open the driver's side door several minutes later, the airbag unexpectedly deployed, injuring him.

Wilder filed suit against Defendant Toyota Motor Sales, U.S.A., Inc. ("Toyota"), claiming that he was severely injured when the truck's airbag deployed several minutes after the truck was involved in a collision. Because the collision was of sufficient force to cause the airbag to deploy immediately, Wilder claimed that there was a defect in the airbag system. In particular, Wilder asserted three theories of liability: (1) breach of the implied warranty that the truck and airbag driver restraint system were safe and suitable for their intended uses; (2) negligence; and (3) breach of an express warranty that the airbag would deploy within a fraction of a second of a collision of sufficient threshold force.

Toyota moved for summary judgment.[1] The court concluded that under *Logan v. Montgomery Ward & Co.*, 219 S.E.2d 685 (Va. 1975), "a plaintiff asserting a products liability claim, whether under a theory of negligence or breach of warranty, must establish that the alleged unreasonable dangerous condition existed when the product left the defendant's hands."[2] Since Wilder had no evidence of how or when the product's alleged dangerous condition came into existence, there was no direct evidence of a defect. The court determined that Wilder was attempting to rely upon an unexplained malfunction to prove his case, and that Virginia law specifically rejected that method of establishing liability for a defective product. Additionally, the court noted that the record lacked any evidence of probable cause for the malfunction. Therefore, the court held that Wilder failed to meet his burden of establishing the cause of the defect and granted summary judgment in favor of Toyota. Wilder appeals.

## II.

"Summary judgment is appropriate when a party who will bear the burden at trial fails to make a showing sufficient to establish an essential element of the case." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 258 (4th Cir. 1998). Under Virginia law, a plaintiff asserting a products liability claim based on breach of warranty or negligence must establish "(1) that the goods were unreasonably dangerous either for the use to which they would ordinarily be put or for some other reasonably foreseeable purpose, and (2) that the unreasonably dangerous condition existed when the goods left the defendant's hands." *Logan*, 219 S.E.2d at 687. The district court found, and we agree, that Wilder failed to offer any evidence to establish what caused the airbag to deploy after the vehicle came to rest, or that there was a defect or dangerous condition present. Wilder also failed to offer any evidence that the airbag was dangerous or defective when it was originally purchased from Toyota. Therefore, summary judgment in favor of Toyota was proper.

---

[1]For the purposes of summary judgment, Toyota accepted as true Wilder's allegations that the airbag deployed after the truck came to rest.

[2]Both parties agree that Virginia law controls this action.

A.

First, Wilder is required to show that the airbag system contained a defect that rendered it unreasonably dangerous. *Alevromagiros v. Hechinger Co.*, 993 F.2d 417, 420 (4th Cir. 1993); *see also Logan*, 219 S.E. 2d at 687. Wilder has failed to offer any evidence of how or when the alleged dangerous condition in the airbag system came into existence. Wilder offered no testimony, expert or otherwise, to prove there was a defect, what the defect was, or how the defect occurred. Instead, Wilder attempts to argue that the mere fact that the airbag failed to deploy within a fraction of a second after hitting the tree, deploying instead after the vehicle came to a stop, is evidence of the fact that the design of the airbag system was defective. Wilder also relies on the fact that both the Owner's manual for the truck and the testimony of Toyota's experts show that the airbag should have deployed within a fraction of a second. Under *Logan*, this is not adequate evidence to prove the existence of a defect in this case.

Moreover, Wilder's reliance on the Owner's manual to prove the defect is misplaced because Wilder conceded he had never read that portion of the Owner's manual before the accident. In addition, the Owner's manual did not set forth any standard for the design of the system or address the malfunction alleged in this case. And Wilder's characterization of Toyota's experts' testimony ignores the most crucial part of that testimony — that the alleged malfunction could not occur absent some external violation of the system after the truck was manufactured.

In sharp contrast to the minimal evidence Wilder has provided, Toyota presented an affidavit from its experts that the airbag system on the Tacoma truck was well designed, well tested, consistent with industry custom, and not defective. While conformity with industry custom does not absolve a manufacturer or seller of a product from liability, such compliance may be conclusive when there is no evidence to show that the product was not reasonably safe. *See Alevromagiros*, 993 F.2d at 420-21; *Mears v. General Motors Co.*, 856 F. Supp. 548, 551-53 (E.D. Va. 1995). Absent proof of a violation of a government, industry or safety standard, Wilder is required to offer evidence as to "actual industry practices, knowledge at the time of other injuries, knowledge of dangers, published literature, and . . .

direct evidence of what reasonable purchasers consider defective." *Lemons v. Ryder Truck Rental, Inc.*, 906 F. Supp. 328, 332-33 (W.D. Va. 1995) (citing *Alevromagiros*, 993 F.2d at 420-21). Wilder has offered no such evidence. Wilder relies on an unexplained malfunction in the airbag to prove his case. However, this is not sufficient to establish liability under Virginia law. Virginia has rejected the evidentiary presumption of *res ipsa loquitur* in products liability cases. *Logan*, 219 S.E.2d at 688-89.

It is true that there is no *per se* rule requiring expert testimony about the specific defect in products liability cases, and in some cases, circumstantial evidence alone may be used to establish product liability in Virginia. However, without specific evidence of a defect, Wilder can defeat a summary judgment motion "only if his evidence tends to eliminate all reasonable possibilities that some other party or cause is to blame for the accident, or if the facts are such that no other inference but the existence of a defect . . . is reasonable." *Lemons*, 906 F. Supp. at 333. Toyota offered a reasonable alternative explanation for why the airbag may have malfunctioned. The truck's Owner's manual clearly states that alterations to the truck's electrical system can affect the operation of the airbag system. Therefore, Toyota contends that the airbag system may have been damaged when Wilder's son installed a stereo system in the truck. Wilder fails to refute this alternative explanation for the defect, so the circumstantial evidence he presented is insufficient to survive a summary judgment motion.

## B.

Secondly, Wilder is required to establish "that the unreasonably dangerous condition existed when the goods left the defendant's hands." *Logan*, 219 S.E.2d at 687. Wilder contends that he has presented evidence from which a jury could find that the airbag was defective when it left Toyota's hands. Wilder's evidence consists of his own affidavit that the airbag was in the same condition as when the truck was purchased, the fact that the airbag had never been subject to maintenance or repairs, and that the airbag had never before been deployed.

In contrast, Toyota has presented evidence tending to disprove the theory that the alleged defect existed when the truck left its hands.

Toyota's own experts testified that absent some external violation of the system after the truck was manufactured, the alleged malfunction could not have occurred. Toyota offered evidence that the airbag system may have been damaged when Wilder's son installed a stereo system in the truck. Wilder has failed to refute this possible cause for the malfunction or offer any evidence that some other external violation occurred while the truck was still in Toyota's hands. Nor did Wilder offer any other evidence that would give a reasonable jury cause to believe a defect existed in the airbag system before it left Toyota's hands.

Wilder offers only conjecture and speculation as evidence for the reasons the airbag malfunctioned. The mere fact of an accident is not enough to establish the existence of a defect. *See Logan*, 219 S.E.2d at 668. Wilder must prove the existence of a defect and that the defect existed when the truck left Toyota's hands. By failing to offer any credible evidence of a defect in the airbag system that occurred while the truck was in Toyota's hands, and by neglecting to refute Toyota's alternative explanations for the malfunction, Wilder failed to meet the burden Virginia law imposes on him. Thus, the district court correctly granted summary judgment in favor of Toyota.

III.

For the foregoing reasons, the judgment of the district court is

*AFFIRMED*.